Statement.

# Richmond.

Ivanhoe Furnace Co. v. The Virginia and Tennessee Telephone Co. and Others.

### January 14, 1909.

1. Telephone Companies—*Interchange of Business—Rights of Patrons.* —A subscriber and patron of a telephone company may demand of that company the same service it renders to other patrons of that class, and none other, and of other companies the same service they accord to the public, and upon the same terms. He is in no sense a representative of the company in which he is a stockholder, and cannot dictate to that company or to other companies what physical connections they shall make, or what regulations, if any, they shall adopt for the interchange of business.

2. Mandamus—*Parties—Telephone Companies.*—Even if a court has jurisdiction by mandamus to compel two telephone companies to interchange business, it cannot and will not undertake to exercise such jurisdiction in a proceeding to which one of them is not a party.

Error to a judgment of the Circuit Court of Wythe county on a petition for a mandamus. Petition dismissed. Petitioner assigns error.

*Affirmed.*

The opinion states the case.

*W. S. Poage,* for the plaintiff in error.

*W. B. Kegley, J. C. Wysor, M. M. Caldwell* and *Phlegar & Powell,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court. ·

The plaintiff in error, the Ivanhoe Furnace Company, a stockholder or subscriber in the Wythe Mutual Telephone Company, presented its petition to the judge of the Circuit Court of Wythe county, praying that a peremptory writ of mandamus be issued, directed to the Virginia and Tennessee Telephone Company, commanding and compelling it, among other things, to connect its lines and exchange service with the Wythe Mutual Telephone Company, upon the same terms and conditions as it at that time connected with the Wytheville Telephone Company.

To a judgment sustaining a demurrer to the petition this writ of error was allowed.

A number of questions of more than ordinary interest have been raised and argued in this case. Thus, it is said, that if there be jurisdiction in any forum to grant the relief prayed for in the petition, it is to be found, primarily, in the State Corporation Commission, and not in the circuit court. Also, that the law does not require physical or business connections between independent telephone companies; and, if it did, that such requirement would involve the taking of private property, which can only be done by the exercise of the power of eminent domain.

In our view of the case, however, it is not necessary to consider any of these propositions. The plaintiff in error has no right to implead the defendant in error upon the issues sought to be litigated by its petition. Its status is merely that of a subscriber and patron of the Wythe Mutual Telephone Company, and in those relations it is entitled to demand of *that company* the same service that it renders to other patrons of the same class, and none other. So, also, it can only require of the defendant in error the use of its system in like manner and upon the same terms that it accords to the public generally.

The plaintiff in error is in no sense the representative of the Wythe Mutual Telephone Company, and possesses no authority whatever to dictate to that company, or to the defendant in error, what physical connections they shall make or what regulations they shall adopt, if any, for the interchange of business. These are matters of business policy to be determined by the companies for themselves, subject only to the visitorial authority of the State. The Wythe Mutual Telephone Company is not a party; and even if the court had jurisdiction to require an interchange of connections and business between the companies, it could not and would not undertake to exercise such jurisdiction in a proceeding to which one of them was not a party.

The judgment in question is plainly right, and must be affirmed.

*Affirmed.*